# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAQUAN PARKER,                          :
    Petitioner                      :          No. 1:16-cr-00094
                                    :
    v.                              :          (Judge Kane)
                                    :
UNITED STATES OF AMERICA,               :
    Respondent                      :

## MEMORANDUM

Presently before the Court in the above-captioned case are: Petitioner Saquan Parker ("Petitioner")'s motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 134); Petitioner's completed notice of election indicating that he would like for the Court to rule on his Section 2255 motion as filed (Doc. No. 136); the Government's brief in opposition to Petitioner's motion (Doc. No. 143); and a letter from Petitioner indicating that he does not intend to file a response to the Government's brief in opposition (Doc. No. 144). For the reasons that follow, the Court will deny Petitioner's Section 2255 motion. (Doc. No. 134.)

## I.    BACKGROUND[1]

On March 13, 2016, a federal grand jury returned an indictment charging Petitioner with the following offenses: being a felon in possession of a firearm (Count I); possessing a stolen firearm (Count II); and conspiring to possess and sell stolen firearms (Count III). (Doc. No. 1.) On November 23, 2016, Petitioner filed a motion to suppress evidence and statements obtained during his arrest that gave rise to the above charges (Doc. No. 25), which the Court granted on March 7, 2017 (Doc. Nos. 40, 41). On September 1, 2017, Petitioner filed a motion seeking

---

[1] In its Memorandum addressing Petitioner's suppression motion, the Court recited the factual details pertinent to Petitioner's arrest and subsequent prosecution in this case (Doc. No. 40), and the Court incorporates said factual discussion herein.

leave to file, out of time, a motion to dismiss the indictment for selective prosecution (Doc. No. 60), which the Court denied on September 6, 2017 (Doc. No. 79). In doing so, the Court specifically noted that, even if the Court were to find good cause to justify the untimely nature of the motion, the motion was meritless because Petitioner "fail[e]d to make the requisite threshold showing required to sustain a defense of selective prosecution." (Id. at 3.)[2]

On February 1, 2018, Petitioner entered a guilty plea as to Counts I and II of the indictment, after which the undersigned sentenced him to a term of one hundred eighty (180) months' imprisonment. (Doc. No. 124.) Petitioner subsequently appealed this judgment to the United States Court of Appeals for the Third Circuit on February 12, 2018 (Doc. No. 126), which dismissed the appeal on May 1, 2018 due to an appellate waiver included in Petitioner's plea agreement (Doc. 132). Petitioner then filed the instant Section 2255 motion (Doc. No. 134), arguing that he received ineffective assistance of counsel in connection with counsel's pretrial representation of him, including with regard to the plea agreement that Petitioner ultimately signed, and in connection with appellate counsel's representation of him. The motion is fully briefed (Doc. Nos. 143, 144), and, therefore, ripe for disposition.

## II.    LEGAL STANDARD

In order to establish entitlement to relief, a collateral attack of a sentence based upon a claim of ineffective assistance of counsel must meet a two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). The first Strickland prong requires Petitioner to "establish first

---

[2] As the Court noted in its Order denying Petitioner's motion, Petitioner sought to advance a theory of selective prosecution as a basis for dismissing the indictment on the grounds that the Government allegedly had prosecuted a co-conspirator differently on the basis of that individual's race. (Doc. No. 79 at 3.)

that counsel's performance was deficient." See Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). This prong requires Petitioner to show that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment. See id. To that end, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. See id. (citing Strickland, 466 U.S. at 688). However, "[t]here is a 'strong presumption' that counsel's performance was reasonable." See id.

Under the second Strickland prong, Petitioner "must demonstrate that he was prejudiced by counsel's errors." See id. This prong requires Petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See id. (quoting Strickland, 466 U.S. at 694). Reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." See id. (quoting Strickland, 466 U.S. at 694).

## III. DISCUSSION

In support of his ineffective assistance of counsel claim, Petitioner raises five (5) grounds, which the Court addresses in turn below. As explained more fully infra, the Court finds that none of these asserted bases for relief warrants granting Petitioner's Section 2255 motion.

### A. Ground One: Failure to Move for Dismissal of the Indictment

In Ground One of his motion, Petitioner asserts that "trial counsel's inactions caused [] Sixth and Fourteenth Amendment violations" where counsel "failed to fully advise Petitioner of the facts of the case in relation to law being favorable to the defense or a theory thereof." (Doc. No. 134 at 16.) More specifically, Petitioner maintains that after the Court granted his suppression motion, counsel should have moved for dismissal of the indictment, and that counsel informed him that "the Government could still proceed to trial under the same indictment and

evidence," but that the case "would only have to be presided by some other Judge." (Id. at 17-18.) According to Petitioner, therefore, the record supports a finding of a Sixth Amendment violation. (Id. at 19.) In opposition, the Government states that there is no evidence of record supporting Petitioner's assertion that the case was going to be transferred to a different judge or that trial counsel informed Petitioner to that effect. (Doc. No. 143 at 8.) Moreover, the Government states that it "was fully prepared to prove its case and there was no basis to move to dismiss the indictment[,]" in light of certain testimony from: two individuals involved in the acts underlying Petitioner's case, Jordan Keys ("Keys") and Angela Cabrera ("Cabrera"); the owner of the firearms in question; and a special agent who would have testified regarding the interstate nexus pertaining to the firearms. (Id. at 9.) According to the Government, therefore, Petitioner cannot meet the standard applicable to an ineffective assistance of counsel claim under the Sixth Amendment. (Id.)

As noted previously, a petitioner may prevail on a Section 2255 motion as a result of a Sixth Amendment violation due to ineffective assistance of counsel, provided that the two prongs of the analysis enunciated by the Supreme Court in Strickland v. Washington are met. Specifically, the petitioner must demonstrate: (1) "that counsel's performance was deficient[,]" which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) "that the deficient performance prejudiced the defense[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." See Strickland v. Washington, 466 U.S. 668, 687 (1984). Upon review of the first ground of Petitioner's Section 2255 motion, the Court finds that, under the relevant standard, Petitioner has not established a Sixth Amendment violation. As the Government aptly notes (Doc. No. 143 at 8), there is no

evidence of record supporting Petitioner's contention that his counsel informed him that "the Government could still proceed to trial under the same indictment and evidence," but that the case "would only have to be presided by some other Judge" (Doc. No. 134 at 17-18). Indeed, other than Plaintiff's bare assertion to that effect, the record is devoid of evidence supporting this contention. Consequently, because Petitioner cannot establish both deficient performance on the part of counsel or prejudice as a result of counsel's performance, the Court will deny Petitioner's motion as to the first basis for relief asserted therein.

**B.      Ground Two: Failure to File a Timely Motion for Selective Prosecution**

In Ground Two of his motion, Petitioner claims that his right to effective assistance of counsel was violated by trial counsel's filing of "a belated motion to dismiss [the] indictment" based on a theory of selective prosecution, and "therefore[,] allowing [Petitioner] to agree to a plea that waived his right of appeal." (Doc. No. 134 at 19.) According to Petitioner, the fact that trial counsel advised him to enter into the plea agreement at issue that included an appellate waiver "after developing such a meritorious claim of motion to dismiss . . . clearly shows that the performance of [trial] counsel departed from constitutionally prescribed standards." (Id. at 20.) In response, the Government notes that "the Court found that even if the motion [to dismiss the indictment] were not filed out of time, it still would have denied it" (Doc. No. 143 at 10) and the Court specifically stated that the motion was meritless because Petitioner "point[ed] to no evidence indicating the number of charges asserted against each of the defendants was based on anything other than the Government's assessment of their respective criminal conduct, which is entitled to the presumption of regularity." (Id.) (quoting Doc. No. 79 at 3). According to the Government, in light of this finding by the Court, "there is no reason to believe the outcome [of Petitioner's case] would have changed if [the motion] were filed earlier." (Id. at 10-11.)

Upon review of Ground Two of Petitioner's motion, the Court finds that Petitioner is not entitled to Section 2255 relief because Petitioner has not demonstrated ineffective assistance of counsel under the applicable <u>Strickland</u> analysis.  Even if Petitioner were able to establish deficient performance on the part of counsel as a result of counsel's filing of an untimely motion to dismiss the indictment, Petitioner cannot establish entitlement to relief under the second prong of the <u>Strickland</u> test because, as the Government observes (Doc. No. 143 at 10), the Court specifically stated that "even if the Court were to find good cause justifying the late filing of Defendant's [m]otion . . . and considered the motion on the merits, the [m]otion . . . is still subject to denial" because Petitioner had "fail[ed] to make the requisite threshold showing required to sustain a defense of selective prosecution" (Doc. No. 79 at 3).  Because the Court examined the merits of the motion to dismiss despite its untimeliness and, in doing so, found that Petitioner was not entitled to relief, it follows that Petitioner cannot show that counsel's failure to file said motion in a timely manner amounts to an error that was "serious as to deprive the defendant of a fair trial, a trial whose result is reliable[,]" so as to establish prejudice.  <u>See</u> <u>Strickland</u>, 466 U.S. at 687.  Accordingly, the Court will deny Petitioner's motion (Doc. No. 134) as it pertains to Ground Two set forth therein.

### C.      Ground Three: Failure to Advise Petitioner Properly as to the Appellate Waiver

Through Ground Three of his motion, Petitioner asserts that trial counsel provided ineffective assistance "by promising [him] that if he accepted the plea agreement from the Government that this plea would not include any waiver of his Fifth Amendment rights."  (Doc. No. 134 at 21-22.)  Petitioner points to the language in the plea agreement stating that the waiver contained therein "includes any and all possible grounds for appeal," including those pertaining to constitutional issues, stating that by advising him to enter into this plea agreement, his trial

6

counsel provided ineffective assistance. (<u>Id.</u> at 22.) According to Petitioner, absent such advice from counsel, "there's a probability [that] the outcome would be different" because he would not have been foreclosed from being able to seek appellate review. (<u>Id.</u> at 23.) The Government argues, in contrast, that "the appellate waiver clearly indicated it included all possible claims" and, "[f]urthermore, during [Petitioner's] plea colloquy . . . the Government specifically placed on the record, 'Paragraph 27 states [that Petitioner] waives all rights to appeal the conviction and sentence.'" (Doc. No. 142 at 11-12) (quoting Doc. No. 130 at 11:25, 12:1). The Government adds that at this time, "Magistrate Judge Carlson reiterated that [Petitioner] was waiving those rights and specifically asked" Petitioner whether he could "rest assured that the appeal waiver by you was voluntary as well[,]" to which Petitioner responded in the affirmative. (<u>Id.</u> at 12) (quoting Doc. No. 130 at 18:2-4). According to the Government, therefore, the record clearly demonstrates that Petitioner was aware of the appellate rights he voluntarily waived. (<u>Id.</u>)

Having reviewed Petitioner's assertions in light of the <u>Strickland</u> analysis, the Court finds that Petitioner cannot establish deficient performance on the part of counsel and, therefore, is not entitled to relief under Ground Three of his motion. It bears noting that Petitioner entered into a plea agreement containing an explicit appellate waiver (Doc. No. 101 at 24-25), which was found to be voluntary (Doc. No. 130 at 17:23-25, 18:1-4). Indeed, Petitioner responded specifically to Magistrate Judge Carlson during his guilty plea colloquy indicating that he had agreed to the appellate waiver voluntarily. (<u>Id.</u> at 18:2-4.) In light of this record, the Court cannot find that counsel's decision to advise Petitioner regarding the appellate waiver constitutes an error "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" so as to establish deficient representation on the part of counsel. <u>See</u> <u>Strickland</u>,

466 U.S. at 687.  Accordingly, the Court will deny Plaintiff's motion (Doc. No. 134) as it pertains to Ground Three asserted therein.

### D. Ground Four: Failure on the Part of Appellate Counsel to Raise an Ineffective Assistance Claim with Regard to Trial Counsel

As to his fourth asserted basis for relief, Petitioner states that his appellate counsel should have raised on appeal the argument that Petitioner's trial counsel provided ineffective assistance by: (1) not moving for dismissal of the indictment following the ruling on Petitioner's suppression motion; (2) not moving for dismissal of the indictment based on selective prosecution in a timely manner; and (3) advising Petitioner to waive his appellate rights through the plea agreement.  (Doc. No. 134 at 23-24.)  Petitioner maintains that, had appellate counsel raised these issues before the Third Circuit, there is a reasonable possibility that his appellate proceedings would have resulted in a different outcome.  (Id. at 26-27.)  In opposition, the Government states that, contrary to Petitioner's assertions, his "appeal was dismissed because of the appellate waiver contained in [his] plea agreement" and, "[t]herefore, even if these claims were raised, they would not have been heard by the Court of Appeals."  (Doc. No. 143 at 12-13.)  The Government also notes that "appellate counsel stated in his response to the Government's motion to dismiss [that Petitioner] had indicated he intends to raise a Sixth Amendment challenge to the effectiveness of plea and sentencing counsel" and "went on to acknowledge, rightly so, that [] these claims were better suited to a collateral proceeding."  (Id. at 13) (internal quotation marks omitted) (citing United States v. Thornton, 327 F.3d 268, 272 (3d Cir. 2003)).

Upon review of Ground Four of Petitioner motion (Doc. No. 134), the Court finds that Petitioner has not demonstrated ineffective assistance on the part of appellate counsel, and, therefore, will deny Petitioner's motion as to this asserted basis for relief.  As noted above, the Government notes that Petitioner's appeal was dismissed due to the appellate waiver included in

his plea agreement (Doc. No. 143 at 12-13), and appellate counsel also stated before the Third Circuit that that he had intended to raise a Sixth Amendment ineffective assistance claim on behalf of Petitioner, but that such a claim would be more aptly considered in a collateral challenge (id. at 13). In light of the appellate record, therefore, there is no merit to Petitioner's argument that his appellate counsel provided ineffective assistance because, even if the deficient performance prong of the Strickland analysis were met, Petitioner cannot establish prejudice because it is clear that appellate counsel noted Petitioner's intent to raise an ineffective assistance claim. See Strickland, 466 U.S. at 687. Accordingly, the Court will deny Petitioner's motion as it pertains to Ground Four asserted therein.

**E.     Ground Five: Trial Counsel's Advising of Petitioner as to the Plea Agreement**

Petitioner's fifth and final asserted basis for relief is that trial counsel provided ineffective assistance by "advising [him] to accept the Government's plea offer instead of going to trial." (Doc. No. 134 at 27.) Petitioner states that after the Court ruled on his suppression motion, he "informed counsel that he wished to go to trial since the Government['s] case was based on that evidence" and "[c]ounsel informed him that they could still use that evidence against [him] in front of a different judge and that the suppression hearing had no basis in a separate proceeding." (Id. at 29-30.) Petitioner maintains that such a communication from counsel "was clearly in error and was ineffective assistance[,]" stating that "[a]t the very minimum, counsel should have moved the [C]ourt to dismiss the indictment and release [him]." (Id. at 30.) Finally, Petitioner asserts that "if the [C]ourt refused said motion, then counsel should have honored [his] wishes to proceed to a jury trial where the Government would have been hard-pressed to win a conviction without any evidence to do so." (Id.) The Government responds by stating that "[a]gain, [Petitioner] claims that trial counsel advised him that the

Government could still admit the evidence suppressed by the Court[]" before another judge, while "there is no indication that defense counsel had provided such advice" and "the Government was fully prepared to prove its case through the testimony" of various witnesses, which the Court's disposition of Petitioner's suppression motion did not impact. (Doc. No. 143 at 13-14.)

Having reviewed Petitioner's arguments in support of Ground Five of his motion (Doc No. 134), the Court finds that Petitioner is not entitled to Section 2255 relief as to this ground. Ultimately, Ground Five constitutes a restatement of the asserted basis for relief set forth in Grounds One and Three of Petitioner's motion because Petitioner merely asserts, again, that his trial counsel informed him that the Government could use the suppressed evidence against him in a different proceeding (Doc. No. 134 at 29-30), and that counsel erred in advising him to enter into a plea agreement (id. at 21-22). Having found no basis for relief as to either Ground One or Ground Three of Petitioner's motion, as explained supra, the Court concludes that Petitioner has not demonstrated an entitlement to relief under Section 2255 through Ground Five of his motion. Accordingly, the Court will deny Petitioner's motion as to Ground Five asserted therein.

### F. Evidentiary Hearing

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. See Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). In the instant case, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." See United States v. Booth, 432 F.3d 542,

545 (3d Cir. 2005) (quoting <u>Forte</u>, 865 F.2d at 62).  Accordingly, the Court finds no reason to hold an evidentiary hearing in this case.

### G.      Certificate of Appealability

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued.  A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right."  <u>See</u> 28 U.S.C. § 2253(c)(2).  In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claims.  As discussed more extensively <u>supra</u>, the Court concludes that each of the grounds set forth in Petitioner's motion lacks merit. A COA, therefore, will not issue in this case.

## IV.    CONCLUSION

Based on the foregoing, the Court concludes that Petitioner has not set forth any grounds in his Section 2255 motion that merit relief and, therefore, will deny the motion.  (Doc. No. 134.) Accordingly, the Court will not conduct an evidentiary hearing and will not appoint counsel.  In addition, a certificate of appealability shall not issue.  An appropriate Order follows.